IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

LAVELLE JOHNSON,                          3:13-cv-01433-BR

        Plaintiff,                    OPINION AND ORDER

v.

CAROLYN W. COLVIN, Acting
Commissioner, Social Security
Administration,[1]

        Defendant.

**Bruce W. BREWER**
Law Offices of Bruce W. Brewer, PC
P.O. Box 421
West Linn, OR 97068
(360)688-0458

        Attorneys for Plaintiff

---

[1] Carolyn W. Colvin became the Acting Commissioner of Social Security on February 14, 2013. Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Carolyn W. Colvin should be substituted for Michael J. Astrue as Defendant in this case. No further action need be taken to continue this case by reason of the last sentence of Section 205(g) of the Social Security Act, 42 U.S.C. § 405.

1 - OPINION AND ORDER

S. AMANDA MARSHALL
United States Attorney
ADRIAN L. BROWN
Assistant United States Attorney
1000 S.W. Third Avenue, Suite 600
Portland, OR 97204-2902
(503) 727-1003

DAVID MORADO
Regional Chief Counsel
JORDAN D. GODDARD
Special Assistant United States Attorneys
Social Security Administration
701 Fifth Avenue, Suite 2900, M/S 221A
Seattle, WA 98104
(206) 615-2531

        Attorneys for Defendant

BROWN, Judge.

   Plaintiff Lavelle Johnson seeks judicial review of a final decision of the Commissioner of the Social Security Administration (SSA) in which she denied Plaintiff's application for Supplemental Security Income (SSI) payments under Title XVI. This Court has jurisdiction to review the Commissioner's decision pursuant to 42 U.S.C. § 405(g).

   Following a thorough review of the record, the Court **GRANTS** the Commissioner's Motion (#16) for Remand to Agency as **MODIFIED**; **REVERSES** the decision of the Commissioner; and **REMANDS** this matter to the Commissioner pursuant to sentence four, 42 U.S.C. § 405(g), for further administrative proceedings consistent with this Opinion and Order.

## ADMINISTRATIVE HISTORY

Plaintiff filed his application for SSI in February 2010. Tr. 17, 162-66.[2] His application was denied initially and on reconsideration. An Administrative Law Judge (ALJ) held a hearing on February 14, 2012. Tr. 35. At the hearing Plaintiff was represented by an attorney. Plaintiff and a vocational expert (VE) testified at the hearing. Tr. 35.

The ALJ issued a decision on April 13, 2012, in which she found Plaintiff is not entitled to benefits. Tr. 29. That decision became the final decision of the Commissioner on June 19, 2013, when the Appeals Council denied Plaintiff's request for review. Tr. 1.

Plaintiff filed a Complaint for Judicial Review Under the Social Security Act on August 15, 2013, and filed his Brief (#11) on March 3, 2014. On May 13, 2014, the Commissioner filed a "Responsive Brief with Motion for Remand to Agency" (#16). The Court took this matter under advisement on June 13, 2014.

## BACKGROUND

Plaintiff was born on October 25, 1959, and was 52 years old at the time of the hearing. Tr. 162. Plaintiff completed tenth grade. Tr. 47. Plaintiff has prior relevant work experience as

---

[2] Citations to the official transcript of record filed by the Commissioner on December 30, 2013, are referred to as "Tr."

3 - OPINION AND ORDER

a dining-room attendant. Tr. 65.

Plaintiff alleges disability since January 1, 2008, due to "[a]rthritis in knee, hbp [(high blood pressure)], and sleep apnea." Tr. 184.

Except when noted, Plaintiff does not challenge the ALJ's summary of the medical evidence. After carefully reviewing the medical records, this Court adopts the ALJ's summary of the medical evidence except where noted. See Tr. 19-29.

## DEFENDANT'S MOTION TO REMAND

Plaintiff contends the ALJ erred by (1) finding at Step Three that neither Plaintiff's severe knee or spinal impairments equal a Listing, (2) improperly discrediting Plaintiff's testimony, and (3) making findings at Step Five that were inconsistent with Plaintiff's RFC.

In its Motion to Remand the Commissioner concedes the ALJ's decision contains deficiencies at Steps Three and Five. Specifically, the Commissioner concedes (1) further development of the record, including expert testimony, is necessary to resolve outstanding issues at Step Three with respect to whether Plaintiff's severe knee and spinal impairments meet or medically equal a Listing and (2) further VE testimony is necessary to clarify an inconsistency between Plaintiff's RFC and the requirements of the jobs identified by the ALJ at Step Five.

4 - OPINION AND ORDER

The Commissioner asserts "[t]he parties agree the ALJ erred" and "[t]he only issue before this Court is the choice of remedy — whether this case should be remanded for further proceedings or whether it should be remanded with a finding of a period of disability and a determination that Plaintiff is eligible" for benefits. Def.'s Br. at 2.

Accordingly, the Commissioner requests the Court to reverse and to remand the case for further administrative proceedings and order the ALJ to:

1. Reconsider Plaintiff's severe impairments at Step Three with the aid of a medical expert;
2. If necessary, reevaluate Plaintiff's RFC;
3. If necessary, with the assistance of a VE, further consider whether Plaintiff can adjust to any other work existing in significant numbers in the national economy and, if required seek explanation from the VE as to the basis for any deviation from the DOT.

The Commissioner also notes on remand that "Plaintiff may present new arguments and evidence and the ALJ may perform further development and conduct further proceedings as necessary." Def.'s Br. at 12.

The Court agrees with the parties that the ALJ erred at Steps Three and Five and with the Commissioner that remand for further proceedings is proper. Accordingly, the Court **GRANTS** the Commissioner's Motion to Remand **AS MODIFIED** below.

## **STANDARDS**

The initial burden of proof rests on the claimant to establish disability. *Molina v. Astrue*, 674 F.3d 1104, 1110 (9th Cir. 2012). To meet this burden, a claimant must demonstrate his inability "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which . . . has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). The ALJ must develop the record when there is ambiguous evidence or when the record is inadequate to allow for proper evaluation of the evidence. *McLeod v. Astrue*, 640 F.3d 881, 885 (9th Cir. 2011)(quoting *Mayes v. Massanari*, 276 F.3d 453, 459-60 (9th Cir. 2001)).

The district court must affirm the Commissioner's decision if it is based on proper legal standards and the findings are supported by substantial evidence in the record as a whole. 42 U.S.C. § 405(g). *See also Brewes v. Comm'r of Soc. Sec. Admin.*, 682 F.3d 1157, 1161 (9th Cir. 2012). Substantial evidence is "relevant evidence that a reasonable mind might accept as adequate to support a conclusion." *Molina*, 674 F.3d. at 1110-11 (quoting *Valentine v. Comm'r Soc. Sec. Admin.*, 574 F.3d 685, 690 (9th Cir. 2009)). It is more than a "mere scintilla" of evidence but less than a preponderance. *Id.* (citing *Valentine*, 574 F.3d at 690).

The ALJ is responsible for determining credibility, resolving conflicts in the medical evidence, and resolving ambiguities. *Vasquez v. Astrue*, 572 F.3d 586, 591 (9th Cir. 2009). The court must weigh all of the evidence whether it supports or detracts from the Commissioner's decision. *Ryan v. Comm'r of Soc. Sec.*, 528 F.3d 1194, 1198 (9th Cir. 2008). Even when the evidence is susceptible to more than one rational interpretation, the court must uphold the Commissioner's findings if they are supported by inferences reasonably drawn from the record. *Ludwig v. Astrue*, 681 F.3d 1047, 1051 (9th Cir. 2012). The court may not substitute its judgment for that of the Commissioner. *Widmark v. Barnhart*, 454 F.3d 1063, 1070 (9th Cir. 2006).

## DISABILITY ANALYSIS

### I.   The Regulatory Sequential Evaluation

The Commissioner has developed a five-step sequential inquiry to determine whether a claimant is disabled within the meaning of the Act. *Keyser v. Comm'r of Soc. Sec. Admin.*, 648 F.3d 721, 724 (9th Cir. 2011). *See also Parra v. Astrue*, 481 F.3d 742, 746 (9th Cir. 2007); 20 C.F.R. § 416.920. Each step is potentially dispositive.

At Step One the claimant is not disabled if the Commissioner determines the claimant is engaged in substantial gainful

7 - OPINION AND ORDER

activity. 20 C.F.R. § 416.920(a)(4)(I). *See also Keyser*, 648 F.3d at 724.

At Step Two the claimant is not disabled if the Commissioner determines the claimant does not have any medically severe impairment or combination of impairments. 20 C.F.R. § 416.920(a)(4)(ii). *See also Keyser*, 648 F.3d at 724.

At Step Three the claimant is disabled if the Commissioner determines the claimant's impairments meet or equal one of the listed impairments that the Commissioner acknowledges are so severe as to preclude substantial gainful activity. 20 C.F.R. § 416.920(a)(4)(iii). *See also Keyser*, 648 F.3d at 724. The criteria for the listed impairments, known as Listings, are enumerated in 20 C.F.R. part 404, subpart P, appendix 1 (Listed Impairments).

If the Commissioner proceeds beyond Step Three, she must assess the claimant's residual functional capacity (RFC). The claimant's RFC is an assessment of the sustained, work-related physical and mental activities the claimant can still do on a regular and continuing basis despite her limitations. 20 C.F.R. § 416.920(e). *See also* Social Security Ruling (SSR) 96-8p. "A 'regular and continuing basis' means 8 hours a day, for 5 days a week, or an equivalent schedule." SSR 96-8p, at *1. In other words, the Social Security Act does not require complete incapacity to be disabled. *Taylor v. Comm'r of Soc. Sec. Admin.*,

8 - OPINION AND ORDER

659 F.3d 1228, 1234-35 (9th Cir. 2011)(citing *Fair v. Bowen*, 885 F.2d 597, 603 (9th Cir. 1989)). The assessment of a claimant's RFC is at the heart of Steps Four and Five of the sequential analysis when the ALJ is determining whether a claimant can still work despite severe medical impairments. An improper evaluation of the claimant's ability to perform specific work-related functions "could make the difference between a finding of 'disabled' and 'not disabled.'" SSR 96-8p, at *4.

At Step Four the claimant is not disabled if the Commissioner determines the claimant retains the RFC to perform work he has done in the past. 20 C.F.R. § 416.920(a)(4)(iv). *See also Keyser*, 648 F.3d at 724.

If the Commissioner reaches Step Five, she must determine whether the claimant is able to do any other work that exists in the national economy. 20 C.F.R. § 416.920(a)(4)(v). *See also Keyser*, 648 F.3d at 724-25. Here the burden shifts to the Commissioner to show a significant number of jobs exist in the national economy that the claimant can perform. *Lockwood v. Comm'r Soc. Sec. Admin.*, 616 F.3d 1068, 1071 (9th Cir. 2010). The Commissioner may satisfy this burden through the testimony of a VE or by reference to the Medical-Vocational Guidelines set forth in the regulations at 20 C.F.R. part 404, subpart P, appendix 2. If the Commissioner meets this burden, the claimant is not disabled. 20 C.F.R. § 416.920(g)(1).

## ALJ'S FINDINGS

At Step One the ALJ found Plaintiff has not engaged in substantial gainful activity during the relevant period. Tr. 19.

At Step Two the ALJ found Plaintiff has the severe impairments of degenerative joint disease of the knees, degenerative disc disease of the lumbar and cervical spine with areas of spinal stenosis, and obesity.[3]  Tr. 19.

At Step Three the ALJ found Plaintiff's impairments do not meet or equal the criteria for any impairment in the Listing of Impairments.  Tr. 19-20.  The ALJ found Plaintiff can perform light work as defined in 20 C.F.R. § 416.967(c) with the following limitations:

> He can lift and/or carry up to ten pounds frequently and up to 20 pounds occasionally. He can stand and/or walk for up to two hours in an eight-hour[ ]workday. He is limited to occasional use of his feet for operation of foot controls. He can sit for two-hour increments for up to eight hours a day. He needs a sit[-]stand option, where he would have the opportunity every 30 minutes to stand for a minute or two at his workstation before returning to sitting. He should only occasionally climb ramps or stairs. He cannot climb ladders, ropes, or scaffolding. He can occasionally stoop, kneel, crouch, and craw. He should avoid exposure to extremes of cold. He should avoid moderate exposure to hazards such as unprotected heights and dangerous machinery.

Tr. 20.

---

[3] The Court notes the ALJ based his findings as to these impairments on the medical diagnoses of Plaintiff that appear in the record rather than statements in Plaintiff's applications. See Tr. 19, 184.

10- OPINION AND ORDER

At Step Five the ALJ found Plaintiff could perform jobs that exist in significant numbers in the national economy such as a storage-facility rental clerk, a cashier, and a ticket seller. Tr. 28. Accordingly, the ALJ found Plaintiff is not disabled and, therefore, is not entitled to benefits. Tr. 37.

## DISCUSSION

As noted, Plaintiff contends the ALJ erred by (1) finding at Step Three that neither Plaintiff's severe knee or spinal impairments equal a Listing; (2) improperly discrediting Plaintiff's testimony; and (3) making findings at Step Five that were inconsistent with Plaintiff's RFC.

### I. Agreed Errors at Step Three

At Step Three the Commissioner must determine whether a claimant's impairments meet or equal one of the listed impairments and are so severe that they preclude substantial gainful activity. 20 C.F.R. §§ 404.1520(a)(4)(iii), 416.920(a)(4)(iii).

As noted, Plaintiff contends the ALJ erred in part by finding at Step Three that neither Plaintiff's severe knee or spinal impairments equal a Listing. The Commissioner concedes this error. Accordingly, the Court need not address this issue further.

11- OPINION AND ORDER

## II.  Errors at Step Five

The parties agree the ALJ erred at Step Five by relying on the VE's testimony, which diverged from the Dictionary of Occupational Titles (DOT) without explanation.  Accordingly, the Court does not need to address this issue further.

Plaintiff, however, contends the ALJ also erred at Step Five when the ALJ did not conclude based on Plaintiff's RFC that Plaintiff is disabled pursuant to the Medical-Vocational Guidelines (the Grids).  The Court notes the ALJ's reconsideration of whether Plaintiff has an impairment that meets a Listing (Step Three) and/or reconsideration of the VE's testimony (Step Five) could (1) result in the ALJ concluding at Step Three that Plaintiff is disabled; (2) alter the ALJ's assessment of Plaintiff's RFC; and/or (3) alter the limitations included in the ALJ's hypothetical posed to the VE.

Accordingly, in light of these possible changes in the ALJ's analysis, the Court concludes it is not necessary to address Plaintiff's argument regarding the ALJ's conclusions that Plaintiff is not disabled under the Grids.

## III. Plaintiff's Testimony

Plaintiff alleges the ALJ erred by failing to give clear and convincing reasons for rejecting Plaintiff's testimony as to the intensity, persistence, and limiting effects of his symptoms.

In *Cotton v. Bowen* the Ninth Circuit established two

12- OPINION AND ORDER

requirements for a claimant to present credible symptom testimony:  The claimant must produce objective medical evidence of an impairment or impairments, and he must show the impairment or combination of impairments could reasonably be expected to produce some degree of symptom.  *Cotton*, 799 F.2d 1403, 1407 (9th Cir. 1986).  The claimant, however, need not produce objective medical evidence of the actual symptoms or their severity.  *Smolen*, 80 F.3d at 1284.

If the claimant satisfies the above test and there is not any affirmative evidence of malingering, the ALJ can reject the claimant's pain testimony only if he provides clear and convincing reasons for doing so.  *Parra v. Astrue,* 481 F.3d 742, 750 (9th Cir. 2007)(citing *Lester v. Chater*, 81 F.3d 821, 834 (9th Cir. 1995)).  General assertions that the claimant's testimony is not credible are insufficient.  *Id*.  The ALJ must identify "what testimony is not credible and what evidence undermines the claimant's complaints."  *Id*. (quoting *Lester*, 81 F.3d at 834).

The ALJ concluded Plaintiff's medically determinable impairments could reasonably be expected to cause Plaintiff's alleged symptoms, but she concluded Plaintiff was "only partially credible and accord[ed] [Plaintiff's] report and statements little weight."  Tr. 24.  Specifically, the ALJ found (1) Plaintiff's work history suggests his lack of employment is

13- OPINION AND ORDER

due to lack of motivation rather than to the symptoms of his impairments; (2) Plaintiff's daily activities, including walking and bicycle riding, are "highly" inconsistent with his alleged disabling pain; and (3) Plaintiff's medical treatment had been conservative, and, in addition, Plaintiff reported pain medications controlled his pain. Tr. 26-27. In any event, Plaintiff's objections to the ALJ's findings with respect to Plaintiff's credibility appear to repeat Plaintiff's objections to the adequacy of the ALJ's evaluation of Plaintiff's RFC.

In summary, the parties agree the ALJ erred at Steps Three and Five, and the Court concludes the ALJ's error at Step Three could alter the ALJ's assessment of Plaintiff's RFC. Accordingly, even though the ALJ provided reasons for discrediting Plaintiff's testimony statements, those reasons could be undermined if the ALJ reaches different conclusions at Steps Three through Five regarding Plaintiff's alleged impairments. Moreover, if the ALJ is presented with additional evidence on remand from a medical expert and Plaintiff (if he chooses to do so), it will be necessary for the ALJ to reevaluate Plaintiff's credibility in light of such new evidence.

## REMAND

The Court must determine whether to remand this matter for further proceedings or to remand for calculation of benefits.

14- OPINION AND ORDER

The decision whether to remand for further proceedings or for immediate payment of benefits generally turns on the likely utility of further proceedings. *Harman v. Apfel*, 211 F.3d 1172, 1179 (9th Cir. 2000). The court may "direct an award of benefits where the record has been fully developed and where further administrative proceedings would serve no useful purpose." *Smolen*, 80 F.3d at 1292.

The Ninth Circuit has established a three-part test "for determining when evidence should be credited and an immediate award of benefits directed." *Harman*, 211 F.3d at 1178. The court should grant an immediate award of benefits when

> (1) the ALJ has failed to provide legally sufficient reasons for rejecting such evidence, (2) there are no outstanding issues that must be resolved before a determination of disability can be made, and (3) it is clear from the record that the ALJ would be required to find the claimant disabled were such evidence credited.

*Id.* The second and third prongs of the test often merge into a single question: Whether the ALJ would have to award benefits if the case were remanded for further proceedings. *Id.* at 1178 n.2.

On this record the Court concludes further proceedings are necessary. Accordingly, the Court remands this matter to the ALJ for further proceedings to accept any new evidence that Plaintiff submits and to reconsider Plaintiff's severe impairments at Step Three with the aid of a medical expert. To the extent that the ALJ finds Plaintiff is not disabled at Step Three, the ALJ must

15- OPINION AND ORDER

also (1) reevaluate Plaintiff's RFC in light of the above, (2) reconsider Plaintiff's credibility, and (3) continue with the remaining steps of the sequential evaluation (if necessary) to include obtaining supplemental evidence regarding Plaintiff's occupational possibilities in light of Plaintiff's assessed limitations.

## CONCLUSION

For these reasons, the Court **GRANTS** the Commissioner's Motion (#16) for Remand to Agency as **MODIFIED; REVERSES** the decision of the Commissioner' and **REMANDS** this matter to the Commissioner pursuant to sentence four, 42 U.S.C. § 405(g), for further administrative proceedings consistent with this Opinion and Order.

IT IS SO ORDERED.

DATED this 8th day of August, 2014.

*[signature]*

ANNA J. BROWN
United States District Judge

16- OPINION AND ORDER